# CHARLESTON.

STATE to use of SMITH *et al. v.* KEADLE, Sheriff *et al.*

Submitted January 20, 1898—Decided April 2, 1898.

1. SHERIFF—*Official Bond—Notice—County Orders.*
    Where a notice is given to a sheriff and his sureties on his official bond for the recovery of the amount of certain county orders drawn on said sheriff in behalf of the plaintiffs in said notice, and the only defense interposed is a motion to quash, if the notice on its face shows sufficient averments, if proven, to entitle the plaintiffs to a judgment, the motion to quash should be overruled. (p. 596).

2. MOTION ON BOND—*Defense.*
    Under our statute (Code, c. 121, s. 7), defense to such motions may be made in the same manner and to the same extent as in actions at law. (p. 596).

Error to Circuit Court, Mingo County.

Action by the State, for the use of W. H. Smith and R A. Wilson, against N. J. Keadle, sheriff, and others. Defendants had judgment, and plaintiff brings error,

*Reversed.*

SIMMS & ENSLOW and PRICHARD & JONES, for plaintiff in error.

CAMPBELL, HOLT & CAMPBELL, SAMUEL MILLER, and SHEPPARD & GOODYKOONTZ, for defendants in error.

ENGLISH, JUDGE:

On the 15th day of July, 1897, the county court of Mingo

county issued to H. Smith and R. A. Wilson, partners, doing business under the firm name of Smith & Wilson, two drafts or orders upon N. J. Keadle, sheriff of Mingo county, one for the sum of one thousand dollars, and the other for seven hundred and eighty dollars, payable out of the county levy of said county for 1896, which orders were presented to said sheriff for payment, which was refused. Upon this refusal to pay said orders, Smith & Wilson gave to said Keadle and his sureties in his official bond, dated December 21, 1896, a notice of a motion for a judgment to be had on the first day of September circuit court of said county for 1897, for the amount of said orders, with damages thereon as required by law, which notice was duly served and filed in the clerk's office of said court twenty days before the return day thereof, and was docketed on the first day of said September term. Said sheriff and his sureties appeared, and moved the court to quash said notice; and their motion was sustained, the notice quashed, and judgment rendered against the plaintiffs for costs. The plaintiffs excepted, and obtained this writ of error.

The action of the court in quashing said notice is relied on as error. Is this assignment well taken? The notice on its face alleges that said Keadle was duly elected sheriff of Mingo county on November 3, 1896, for the term commencing January 1, 1897, and ending December 31, 1901; that on the 21st day of December, 1896, he entered into bond as required by law with the other defendants named in said notice as his sureties, and entered upon the duties of said office, performing the duties thereof until the date of said notice, to wit, August 3, 1897, and, by virtue of said office, collected all the tax, assessment, and levies for the fiscal year 1896 made by said county court; and that, since the end of said fiscal year 1896, he had made settlement of his accounts as said sheriff for said fiscal year of 1896, with the proper officers of said county, as required by law, whereby it was properly shown and made to appear that said Keadle, as such sheriff, was, at the date of such settlement and the date of said notice, indebted to the county levy of said county in a greater sum than would be sufficent to pay and discharge the sum therein named, for which judgment would be demanded on the notice, setting

forth the orders on which judgment would be claimed, and alleging that since their delivery to plaintiffs, and since the settlement of said Keadle accounts, they had been presented to him during business hours, and payment on them, and each of them, demanded of him, and refused; and notice was therefore given to the defendants, and each of them, that, on the first day of September court of 1897, judgment would be moved for against them for the amount due on said orders, with proper interest and damages. To this notice the only defense interposed was a motion to quash. No evidence or testimony of any kind appears to have been offered in support of said motion, and, as a consequence, we are compelled to look at the face of the notice for the facts. Barton, in his Law Practice (volume 2, p. 1047), under the head of "Trial of Motion," says: "If there be no defense to the motion, it is treated just as a suit to which there is no plea, and a judgment thereon may be rendered by default; or else, if there be not enough in the papers to justify a judgment, a writ of inquiry will be first ordered and executed either by the court or a jury." "The statute of Virginia prescribes no mode of pleading by which the defense to a motion may be presented to the court; but it is a commendable practice which prevails in some of the circuits to require the defendant, either when he enters his appearance, or at some reasonable time thereafter, to put in writing, in sufficiently explicit terms, the grounds upon which he rests his defense to a motion for a judgment for money." "In West Virginia, however, the statute provides that the defense to such motions may be made in the same manner and to the same extent as in actions at law." At section 246, Mr. Barton says: "The judgment on a motion is rendered without any formal pleadings or joining of issue; at least, it was so held of a motion on a forthcoming bond, and it seems reasonable to apply that rule to all other motions provided by statute." The defendants in this case appear to have resorted to neither of these modes of defense, but contented themselves by relying upon their motion to quash; and, in passing on the propriety of the action of the court in sustaining said motion, we can look alone to the face of the notice. The

court, by sustaining the motion to quash, has said to the plaintiffs: "If all you allege in your notice be true, you are not entitled to recover." Can we say that ruling was correct? From that notice it appears that said sheriff after executing his bond with his co-defendants as sureties, as required by law, in the penalty of sixty thousand dollars, entered upon the duties of his office, and previous to August 3, 1897, the date of the notice, collected all the assessments and levies for the fiscal year 1896 for said county, and made settlement of his accounts for the year 1896, as required by law, and was thereby properly shown to be indebted to the said county levy in a greater sum than would be sufficient to pay and discharge the orders drawn on him in plaintiff's favor by the county court set forth and described in the notice. It does not appear whom said N. J. Keadle succeeded as sheriff, or whose duty it was to collect the county levies and assessments for the year 1896; but it does appear that he collected after he took office, in 1897; that he had sufficient money in his hands to pay said county orders, which he was directed to pay by the county court. In the absence of any other pleading or proof, my conclusion is that the circuit court erred in sustaining said motion to quash. For these reasons, the judgment complained of is reversed and the case remanded.

*Reversed.*